# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> Velocity Express Corporation, <br><br>     Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br> Velocity Express, Inc., <br><br>     Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br> VXP Mid-West, Inc., <br><br>     Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br> VXP Leasing Mid-West, Inc., <br><br>     Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br> U-Ship International, Ltd., <br><br>     Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br> Velocity Express Leasing, Inc., <br><br>     Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |

| | |
|---|---|
| In re:<br><br>Velocity Systems Franchising Corporation,<br><br>                Debtor. | Chapter 11<br><br>Case No. 09-_____ (\_\_) |
| In re:<br><br>CD&L, Inc.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 09-_____ (\_\_) |
| In re:<br><br>Click Messenger Service, Inc.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 09-_____ (\_\_) |
| In re:<br><br>Securities Courier Corporation,<br><br>                Debtor. | Chapter 11<br><br>Case No. 09-_____ (\_\_) |
| In re:<br><br>Olympic Courier Systems, Inc.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 09-_____ (\_\_) |
| In re:<br><br>Silver Star Express, Inc.,<br><br>                Debtor. | Chapter 11<br><br>Case No. 09-_____ (\_\_) |

| In re:                                  | Chapter 11              |
|-----------------------------------------|-------------------------|
| Clayton/National Courier Systems, Inc., | Case No. 09-_____ (__) |
| Debtor.                                 |                         |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING JOINT ADMINISTRATION OF CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND GRANTING RELATED RELIEF**

The above-captioned debtors and debtors-in-possession (each, a "Debtor" and collectively, the "Debtors"), hereby move this Court (the "Motion") for entry of an Order, pursuant to 11 U.S.C. § 105(a), Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), administratively consolidating their respective Chapter 11 cases solely for procedural purposes and providing for joint administration. In support of the Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The statutory and legal predicates for the relief sought herein are 11 U.S.C. § 105(a), Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

3. On September 24, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. No request for appointment of a Chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee has been appointed.

6. The Debtors have one of the largest nationwide networks of time definite logistics solutions in the United States and are a leading provider of distribution, scheduled and expedited logistics services. They operate primarily in the United States with limited operations in Canada.

7. On March 13, 2009, the Debtors entered into a senior secured revolving credit agreement (as amended, the "Credit Agreement") with a syndicate of lenders led by Burdale Capital Finance, Inc. ("Burdale"). The Credit Agreement provides for up to $12.0 million of aggregate financing, $7.5 million of which may be in the form of letters of credit. In addition, in connection with the acquisition of the CD&L portion of the Debtors' business, the Debtors issued certain senior secured notes (the "Senior Notes") and warrants. As of the Petition Date, the Debtors owed approximately $103 million under the Senior Notes.

8. The Debtors have been impacted by the significant downturn in the national economy over the past year. Many of the Debtors' customers reduced their shipping expenses as their own sales decreased. As a result, over the past 12 months, the Debtors' revenues have dropped by approximately 35%. In addition, the Debtors are also party to

approximately ten (10) class actions and have received several assessments from state administrative agencies alleging that the Debtors improperly classified individuals as independent contractors rather than employees.

9. The Debtors filed these cases to effectuate the balance sheet restructuring embodied in the sale of their assets to ComVest Velocity Acquisition I, LLC or a competing bidder. The Debtors believe that the reduced debt obligations resulting from this process will allow them to thrive going forward.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek the joint administration and consolidation of their chapter 11 cases for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Bankruptcy Rules and Local Rule 1015-1. For the reasons set forth herein, the Debtors believe that, in light of their affiliated status and interrelated business operations (as described below), the joint handling of the administrative matters respecting these cases – including, without limitation, the use of a single docket for matters occurring in the administration of the estates and the combining of notices to creditors – will aid in expediting these chapter 11 cases and rendering their administration more efficient and economical.

## BASIS FOR RELIEF REQUESTED

11. These cases should be administered jointly because joint administration will obviate the need for duplicative notices, motions, applications and orders, and thereby save considerable time and expense for the Debtors and their estates. Rule 1015(b) of the Bankruptcy Rules provides, in relevant part, that:

> [i]f a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to grant the relief requested herein.

12. Further, Local Rule 1015-1 provides as follows:

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1

13. Rule 1015 of the Bankruptcy Rules promotes the fair and efficient administration of multiple cases of affiliated debtors while protecting the rights of individual creditors. *See In re N.S. Garrott & Sons*, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); *In re Hemingway Transp.*, 954 F.2d 1, 11 (1st Cir. 1992).[1]

The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these chapter 11 cases will affect more than one of the Debtors. The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue to be served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful. In other instances, courts in this District have authorized the joint administration of related bankruptcy cases. *See, e.g., In re Tweeter Home Entertainment Group, Inc.*, Ch. 11 Case No. 07-10787 (PJW) (Bankr. D. Del. June 12, 2007); *In re Pac-West Telecomm, Inc.*, Ch. 11 Case No. 07-10562 (BLS) (Bankr. D. Del. May 2, 2007); *In re America Online Latin America, Inc.*, Ch. 11 Case No. 05-11778 (MFW) (Bankr. D. Del. June 27, 2005); *In re Metalforming Technologies, Inc.*, Ch. 11 Case No. 05-11697 (PJW) (Bankr. D. Del. April

---

[1] Joint administration should be distinguished from substantive consolidation whereby the assets and liabilities of two or more estates are combined.

27, 2005); *In re Meridian Automotive Systems – Composite Operations, Inc.*, Ch. 11 Case No. 05-11168 (MFW) (Bankr. D. Del. April 27, 2005).

14. Joint administration will permit the Clerk to use a single general docket for all of the above-referenced cases and to combine notices to creditors of each Debtor's estate and other parties in interest. Joint administration will also protect parties in interest by ensuring that parties in interest in each Chapter 11 case will be apprised of the various matters before the Court in the other cases.

15. The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular estate. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases. The Court will also be relieved of the burden of entering duplicative orders and maintaining redundant files.

16. The Debtors also submit that supervision of the administrative aspects of these Chapter 11 cases by the Office of the United States Trustee for the District of Delaware (the "United States Trustee") will be simplified.

17. Accordingly, the Debtors submit that joint administration of the above-referenced Chapter 11 cases is in its best interests, as well as the best interests of its creditors and all other parties in interest. The Debtors therefore request that the official caption to be used by all parties in all pleadings in the jointly administered cases be as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Velocity Express Corporation, *et al.*, | Case No. 09-_____ (___) |
| Debtors.[1] | (Joint Administration Requested) |

## NOTICE

18. Notice of this Motion has been given to (i) the United States Trustee for this District; (ii) proposed counsel to the Committee; (iii) counsel to the agent for the Debtors' pre-petition secured lenders and postpetition secured lenders; (iv) the parties listed on the Additional Debtor's list of largest unsecured creditors; and (v) all parties that have requested notice in these cases pursuant to Rule 2002 of the Bankruptcy Rules. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

19. The Debtors have not previously sought the relief requested herein from this or any other Court.

---

[1] The following subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Velocity Express Corporation (5929); CD&L, Inc (0958); Clayton/National Courier Systems, Inc (6454); Click Messenger Service, Inc (6117); Olympic Courier Systems, Inc (3847); Securities Courier Corporation (0185); Silver Star Express, Inc (8303); U-Ship International, Ltd (3181); Velocity Express Leasing, Inc (6733); Velocity Express, Inc (4426); Velocity Systems Franchising Corporation (9687); VXP Leasing Mid-West, Inc (0846); and VXP Mid-West, Inc (0845) The Debtors' principal address is One Morningside Drive North, Building B, Westport, CT 06880

RLF1-3438488-1

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A and grant such other and further relief as the Court may deem just and proper.

Dated: Wilmington, Delaware
September 24, 2009

Respectfully submitted,

By: *Russell C. Silberglied*
**RICHARDS, LAYTON & FINGER, P.A.**
Russell C. Silberglied, Esq. (No. 3462)
Chun I. Jang, Esq. (No. 4790)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

-and-

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Thomas A. Pitta, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to Debtors
and Debtors In Possession*

# EXHIBIT A

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br>Velocity Express Corporation, <br><br>　　　　Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br>Velocity Express, Inc., <br><br>　　　　Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br>VXP Mid-West, Inc., <br><br>　　　　Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br>VXP Leasing Mid-West, Inc., <br><br>　　　　Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br>U-Ship International, Ltd., <br><br>　　　　Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br><br>Velocity Express Leasing, Inc., <br><br>　　　　Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |

12497202.1
RLF1-3438490-1

| | |
|---|---|
| In re: Velocity Systems Franchising Corporation, Debtor. | Chapter 11 Case No. 09-_____ (___) |
| In re: CD&L, Inc., Debtor. | Chapter 11 Case No. 09-_____ (___) |
| In re: Click Messenger Service, Inc., Debtor. | Chapter 11 Case No. 09-_____ (___) |
| In re: Securities Courier Corporation, Debtor. | Chapter 11 Case No. 09-_____ (___) |
| In re: Olympic Courier Systems, Inc., Debtor. | Chapter 11 Case No. 09-_____ (___) |
| In re: Silver Star Express, Inc., Debtor. | Chapter 11 Case No. 09-_____ (___) |

| In re: | Chapter 11 |
|---|---|
| Clayton/National Courier Systems, Inc., | Case No. 09-_____ (___) |
| Debtor. | |

## ORDER APPROVING JOINT ADMINISTRATION OF CASES PURSUANT TO RULE 1015(b) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND GRANTING RELATED RELIEF

Upon consideration of the Application[1] of Velocity Express Corporation (collectively, the "Debtors"), for entry of an Order pursuant to section 105(a) of the Bankruptcy Code, Rule 1015(b) of the Bankruptcy Rules and Local Rule 1015-1, administratively consolidating their respective chapter 11 cases for procedural purposes only and providing for joint administration; and upon consideration of the Declaration of Vincent A. Wasik in Support of Chapter 11 Petitions and Various First Day Applications and Motions; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2); and the Court having determined that granting the relief requested in the Motion is in the best interests of the Debtors, their estates and creditors; and notice of the Motion being sufficient under the circumstances and in light of Local Rule 1015-1; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED**, that the Motion is GRANTED; and it is further

**ORDERED**, that the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court; and it is further

**ORDERED**, that nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned cases; and it is further

**ORDERED**, that the caption of the jointly administered cases shall read as follows:

---

[1] Capitalized terms shall have the meanings ascribed to them in the Motion unless otherwise defined herein.

RLF1-3438490-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Velocity Express Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-_____ (___)<br><br>(Joint Administration Requested) |

**ORDERED**, that a docket entry shall be made in each of the above-captioned cases substantially as follows:

> "An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Velocity Express Corporation and certain of its affiliates, and the docket in Case No. _____ should be consulted for all matters affecting this case."

and it is further

**ORDERED**, that the Debtors are hereby authorized and empowered to take such steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that nothing contained in this Order authorizes the Debtors to file consolidated monthly operating reports.

Dated: Wilmington, Delaware
_____ 2009

_____
UNITED STATES BANKRUPTCY JUDGE

---

[1] The following subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Velocity Express Corporation (5929): CD&L, Inc (0958); Clayton/National Courier Systems, Inc. (6454); Click Messenger Service, Inc (6117); Olympic Courier Systems, Inc (3847); Securities Courier Corporation (0185); Silver Star Express, Inc. (8303); U-Ship International, Ltd. (3181); Velocity Express Leasing, Inc (6733); Velocity Express, Inc (4426); Velocity Systems Franchising Corporation (9687); VXP Leasing Mid-West, Inc (0846); and VXP Mid-West, Inc (0845). The Debtors' principal address is One Morningside Drive North, Building B, Westport, CT 06880.

RLF1-3438490-1