**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Velocity Express Corporation, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-13294 (MFW)<br><br>(Joint Administration Requested)<br><br>Re: Docket No. 5 |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(4) AND 507(a)(5) (A) AUTHORIZING THE DEBTORS TO PAY PRE-PETITION WAGES, SALARIES, AND HONOR CERTAIN EMPLOYEE BENEFITS, (B) DIRECTING ALL BANKS TO HONOR PRE-PETITION CHECKS FOR PAYMENT OF PRE-PETITION EMPLOYEE OBLIGATIONS, AND (C) AUTHORIZING THE DEBTORS TO HONOR WORKERS' COMPENSATION OBLIGATIONS

Upon the Debtors' Motion[2] for an Order Pursuant to 11 U.S.C. §§ 105(a), 507(a)(4) and 507(a)(5)(A) Authorizing the Debtors to Pay Pre-Petition Wages and Salaries, and Honor Certain Employee Benefits, (B) Directing All Banks to Honor Pre-Petition Checks for Payment of Pre-Petition Employee Obligations and (C) Authorizing the Debtors to Honor Workers' Compensation Obligations; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the Debtors having represented to this Court that the authority sought will not be used to pay the pre-petition claims of "persons subject to retention under section 327 of the Bankruptcy Code;" (iv) the Debtors having represented to this Court that, with the exception of the "Severance Benefit" referenced in paragraph 32 of the Motion,

---

[1] The following subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Velocity Express Corporation (5929): CD&L, Inc. (0958); Clayton/National Courier Systems, Inc. (6454); Click Messenger Service, Inc. (6117); Olympic Courier Systems, Inc. (3847); Securities Courier Corporation (0185); Silver Star Express, Inc. (8303); U-Ship International, Ltd. (3181); Velocity Express Leasing, Inc. (6733); Velocity Express, Inc. (4426); Velocity Systems Franchising Corporation (9687); VXP Leasing Mid-West, Inc. (0846); and VXP Mid-West, Inc. (0845). The Debtors' principal address is One Morningside Drive North, Building B, Westport, CT 06880.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

23478/1
09/25/2009 12482061.1
RLF1-3438494-2

they are not seeking approval of and/or authority to pay bonus and/or severance amounts (whether in the ordinary course of business or otherwise) pursuant to the Motion; (v) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (vi) adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; and (vii) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby:

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all outstanding wages, salaries and other compensation owed to Employees, the Temporary Employees and the Independent Contractors that arose prior to the Petition Date in an aggregate amount not to exceed $3,950,000; and it is further

ORDERED that the Debtors are authorized, but not directed, to honor all liabilities to their Employees that arose under their vacation, sick leave personal leave and holiday policies prior to the Petition Date and to continue such policies post-petition; provided, however, that the Debtors are not permitted to "cash out" such benefits unless applicable state law requires such treatment; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay outstanding monies owing with respect to the Health Benefits and Insurance Benefits in an amount not to exceed $210,520 and to continue such benefits post-petition; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay all pre-petition amounts owing with respect to the Retirement Plan in an amount not to exceed $38,000 and to continue such programs post-petition; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay outstanding monies

RLF1-3438494-2

owing with respect to the Employee Expense Obligations; and it is further

ORDERED that the Debtors are hereby authorized, but not directed, to pay outstanding monies owing with respect to Workers' Compensation Obligations in an amount not to exceed $90,000 and to continue their workers' compensation policies postpetition; and it is further

ORDERED that the Debtors are hereby authorized, but not directed, to pay outstanding monies owing with respect to Occ Acc Policy as they come due; and it is further

ORDERED that the Debtors are authorized, but not directed, to pay any accrued and unpaid payroll taxes and continue to forward all postpetition payroll deductions to the appropriate parties; and it is further

ORDERED that, absent any further order of this Court, and provided that sufficient funds are on deposit in the applicable accounts, the Debtors' banks and financial institutions are (i) authorized to honor pre-petition payroll and transfers on or after the Petition Date, and to the extent that any bank or financial institution may have honored any pre-petition payroll checks prior to the Petition Date, such honoring is ratified, (ii) authorized to process and honor all other checks and transfers issued for payments approved by this Order and/or reissue checks for any payments approved by this Order where such checks may be dishonored post-petition, and (iii) prohibited from placing holds on, or attempting to reverse, automatic transfers to Employee accounts for Employee Obligations; and it is further

ORDERED that the relief granted in this Order is subject to, and may not exceed, the monetary caps set forth in 11 U.S.C. §§ 507(a)(4) and (a)(5); and it is further

ORDERED that nothing herein shall be deemed an assumption or adoption by the Debtors of any agreements or policies providing for pre-petition compensation or benefits to the Debtors' Employees; and it is further

-3-

RLF1-3438494-2

ORDERED that nothing in this Order shall impair the Debtors' ability to contest the validity or amount of any Employee Obligations pursuant to any applicable law; and it is further

ORDERED, that all payments made or sought to be made pursuant to this Order shall be subject to the terms and conditions of the Postpetition Credit Agreement and the Budget (each as defined in the Debtors' motion to obtain postpetition financing); and it is further

ORDERED that Bankruptcy Rule 6003 has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors; and it is further

ORDERED that any objections to the relief requested in paragraph 32 of the Motion (specifically, the Debtors' request to pay no more than $12,000 in pre-petition Sseverance Protection) must be filed with the Clerk of the Bankruptcy Court and served upon and received by counsel to the Debtors, the Office of the United States Trustee for the District of Delaware; counsel to the agent for the Debtor's prepetition secured lenders and the proposed post-petition secured lender; and counsel to any statutory committee(s) appointed in these cases on or before Oct. 6, 2009 at 12:00 p.m. EDT.

ORDERED that this Court shall retain exclusive jurisdiction to hear and decide any and all disputes related to or arising from this Order; and it is further

ORDERED that this Order is effective immediately upon entry.

Dated: Wilmington, Delaware
September 25, 2009

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

RLF1-3438494-2