IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Velocity Express Corporation, et al.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-13294 (MFW)<br><br>(Jointly Administered) |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER PURSUANT TO SECTIONS 327, 328 AND 1107 OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF LOWENSTEIN SANDLER PC AS COUNSEL TO THE DEBTORS

The above captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby submit this application (the "Application") for entry of an Order pursuant to §§ 327(a), 328 and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") authorizing the retention and employment of Lowenstein Sandler PC ("Lowenstein") as counsel to the Debtors *nunc pro tunc* to the Petition Date (as defined herein). In support of the Application, the Debtors respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The following subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Velocity Express Corporation (5929): CD&L, Inc. (0958); Clayton/National Courier Systems, Inc. (6454); Click Messenger Service, Inc. (6117); Olympic Courier Systems, Inc. (3847); Securities Courier Corporation (0185); Silver Star Express, Inc. (8303); U-Ship International, Ltd. (3181); Velocity Express Leasing, Inc. (6733); Velocity Express, Inc. (4426); Velocity Systems Franchising Corporation (9687); VXP Leasing Mid-West, Inc. (0846); and VXP Mid-West, Inc. (0845). The Debtors' principal address is One Morningside Drive North, Building B, Westport, CT 06880.

20981/6
09/30/2009 12490627.1

2. The statutory predicates for the relief sought herein are §§ 327, 328 and 1107 of the Bankruptcy Code and Fed. R. Bankr. P. 2014.

## BACKGROUND

3. On September 24, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. No request for appointment of a Chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee has been appointed.

6. The Debtors have one of the largest nationwide networks of time definite logistics solutions in the United States and are a leading provider of distribution, scheduled and expedited logistics services. They operate primarily in the United States with limited operations in Canada.

7. On March 13, 2009, the Debtors entered into a senior secured revolving credit agreement (as amended, the "Credit Agreement") with a syndicate of lenders led by Burdale Capital Finance, Inc. ("Burdale"). The Credit Agreement provides for up to $12.0 million of aggregate financing, $7.5 million of which may be in the form of letters of credit. In addition, in connection with the acquisition of the CD&L portion of the Debtors' business, the Debtors issued certain senior secured notes (the "Senior Notes") and warrants. As of the Petition Date, the Debtors owed approximately $103 million under the Senior Notes.

8. The Debtors have been impacted by the significant downturn in the national economy over the past year. Many of the Debtors' customers reduced their shipping expenses as

their own sales decreased. As a result, over the past 12 months, the Debtors' revenues have dropped by approximately 35%. In addition, the Debtors are also party to approximately ten (10) class actions and have received several assessments from state administrative agencies alleging that the Debtors improperly classified individuals as independent contractors rather than employees.

9. The Debtors filed these cases to effectuate the balance sheet restructuring embodied in the sale of their assets to ComVest Velocity Acquisition I, LLC or a competing bidder. The Debtors believe that the reduced debt obligations resulting from this process will allow them to thrive going forward.

## **RELIEF REQUESTED**

10. By this Application, the Debtors seek authorization to retain and employ Lowenstein as its counsel in connection with the filing and prosecution of these chapter 11 cases, effective as of the Petition Date.

11. The Debtors have selected Lowenstein to serve as their bankruptcy counsel because of Lowenstein's attorneys' experience in the fields of debtors' and creditors' rights, insolvency, debt restructuring and corporate reorganization and commercial law, as well as Lowenstein's participation in numerous other proceedings under chapter 11 of the Bankruptcy Code before this Court. Accordingly, the Debtors believe that Lowenstein is both well qualified and able to represent them in their chapter 11 cases.

12. The professional services the Debtors anticipate Lowenstein will render include, but are not limited to:

    (a)    providing the Debtors with advice and preparing all necessary documents regarding debt restructuring, bankruptcy and asset dispositions;

    (b)    taking all necessary actions to protect and preserve the Debtors' estates during the pendency of this Chapter 11 case, including the prosecution of

actions by the Debtors, the defense of actions commenced against the Debtors, negotiations concerning litigation in which the Debtors are involved and objecting to claims filed against the estates;

(c) preparing on behalf of the Debtors, as debtors-in-possession, all necessary motions, applications, answers, orders, reports and papers in connection with the administration of this Chapter 11 case;

(d) counseling the Debtors with regard to their rights and obligations as debtors-in-possession;

(e) appearing in Court to protect the interests of the Debtors; and

(f) performing all other legal services for the Debtors which may be necessary and proper in these proceedings.

13. It is necessary for the Debtors to employ experienced counsel to provide the foregoing legal services.

14. Lowenstein has performed legal services for the Debtors since late 2007. During 2009, Lowenstein was paid a total of $898,708 for pre-petition services rendered and expenses.

15. It is contemplated that Lowenstein will be compensated for the services described herein at Lowenstein's ordinary billing rates and in accordance with its customary billing practices with respect to other charges and expenses, all pursuant to the provisions of §§ 330 and 331 of the Bankruptcy Code. The current hourly billing rates of members, associates, law clerks, paralegals and legal assistants are set forth in the supporting Declaration of John K. Sherwood, Esq. (the "Declaration"). These hourly rates are subject to periodic adjustment to reflect economic and other conditions.

16. Lowenstein understands that any compensation and expenses paid to it must be approved by this Court upon application consistent with the Bankruptcy Code and all applicable Bankruptcy Rules and any Order entered by the Court.

17. The Debtors submit that the retention of Lowenstein under the terms described herein is appropriate under §§ 327, 328 and 1107 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code made applicable by § 1107 of the Bankruptcy Code, empowers debtors-in-

possession, with the Court's approval, to employ attorneys "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent them or assist the [debtor in possession] in carrying out its duties under this title." 11 U.S.C. § 327(a). Section 101(14) of the Bankruptcy Code defines "disinterested person" as a person that:

(A)  is not a creditor, an equity security holder, or an insider;

(B)  is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and

(C)  does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

18. Section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

19. To the best of the Debtors' knowledge, the members, counsel, and associates of Lowenstein do not have any connection with the Debtors, its creditors, or any other party-in-interest, or its respective attorneys, except to the extent set forth in the Declaration. Accordingly, the Debtors believe that Lowenstein is "disinterested" and does not hold or represent an interest adverse to the Debtors' estates.

20. Furthermore, § 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis . . . ." 11 U.S.C. § 328(a). The Debtors may require Lowenstein to render extensive legal services, the cost of which cannot be estimated at this juncture. Accordingly, it is necessary and essential for the Debtors, as debtors-in-possession, to employ attorneys under a general retainer to render the foregoing services.

21. Subject to this Court's approval and in accordance with §§ 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, as may be applicable, the rules of this Court, and such other procedures as may be fixed by Order of this Court, the Debtors request that Lowenstein be compensated on an hourly basis plus reimbursement of actual and necessary expenses incurred by Lowenstein.

## NOTICE

22. No trustee, examiner or, creditors' committee has been appointed in the Debtors' Chapter 11 case. Notice of this Application has been given to (i) the United States Trustee for this District; (ii) the Debtors' thirty (30) largest creditors; and (iii) counsel to the agent for the Debtors' pre-petition secured lenders and proposed postpetition secured lender. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE,** the Debtors respectfully request that the Court enter an Order authorizing the Debtors to retain and employ the firm of Lowenstein, effective as of the Petition Date and in the form attached as <u>Exhibit A</u> to this Application, to represent the Debtors in this Chapter 11 case, and for such other and further relief as the Court deems necessary and just.

Dated: Wilmington, Delaware  
September 30, 2009

**Velocity Express Corporation**

By: _____  
**Mark Carlesimo**  
**Executive Vice President and General Counsel**