IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Velocity Express Corporation, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 09-13294 (MFW)<br><br>(Joint Administration Requested)<br><br>**Hearing Date: October 16, 2009 at 9:30 a.m. (ET)**<br>**Obj. Deadline: October 13, 2009 at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY OF AN ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331 ESTABLISHING CERTAIN PROCEDURES FOR (I) THE ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS RETAINED BY ORDER OF THIS COURT AND (II) REIMBURSEMENT OF EXPENSES INCURRED BY COMMITTEE MEMBERS**

The above captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their proposed undersigned counsel, hereby move this Court (the "Motion") for entry of an order, pursuant to sections 105(a) and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing procedures for interim compensation and reimbursement of professional expenses during these cases. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The following subsidiaries and affiliates (including the last four digits of their respective taxpayer identification numbers) have filed petitions for relief under chapter 11 concurrently with Velocity Express Corporation (5929): CD&L, Inc. (0958); Clayton/National Courier Systems, Inc. (6454); Click Messenger Service, Inc (6117); Olympic Courier Systems, Inc. (3847); Securities Courier Corporation (0185); Silver Star Express, Inc. (8303); U-Ship International, Ltd. (3181); Velocity Express Leasing, Inc. (6733); Velocity Express, Inc. (4426); Velocity Systems Franchising Corporation (9687); VXP Leasing Mid-West, Inc. (0846); and VXP Mid-West, Inc. (0845). The Debtors' principal address is One Morningside Drive North, Building B, Westport, CT 06880.

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2. The statutory and legal predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 331, Rule 2016 of the Bankruptcy Code and Rule 2016-1 of the Local Rules.

## BACKGROUND

3. On September 24, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.

5. No request for appointment of a Chapter 11 trustee or examiner has been made and, as of the date hereof, no official committee has been appointed.

6. The Debtors have one of the largest nationwide networks of time definite logistics solutions in the United States and are a leading provider of distribution, scheduled and expedited logistics services. They operate primarily in the United States with limited operations in Canada.

7. On March 13, 2009, the Debtors entered into a senior secured revolving credit agreement (as amended, the "Credit Agreement") with a syndicate of lenders led by Burdale Capital Finance, Inc. ("Burdale"). The Credit Agreement provides for up to $12.0 million of aggregate financing, $7.5 million of which may be in the form of letters of credit. In

-2-

RLF1-3440081-1

addition, in connection with the acquisition of the CD&L portion of the Debtors' business, the Debtors issued certain senior secured notes (the "Senior Notes") and warrants. As of the Petition Date, the Debtors owed approximately $103 million under the Senior Notes.

8. The Debtors have been impacted by the significant downturn in the national economy over the past year. Many of the Debtors' customers reduced their shipping expenses as their own sales decreased. As a result, over the past 12 months, the Debtors' revenues have dropped by approximately 35%. In addition, the Debtors are also party to approximately ten (10) class actions and have received several assessments from state administrative agencies alleging that the Debtors improperly classified individuals as independent contractors rather than employees.

9. The Debtors filed these cases to effectuate the balance sheet restructuring embodied in the sale of their assets to ComVest Velocity Acquisition I, LLC or a competing bidder. The Debtors believe that the reduced debt obligations resulting from this process will allow them to thrive going forward.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek entry of an order pursuant to §§ 105(a) and 331 of the Bankruptcy Code establishing an orderly, regular process for (i) allowance and payment of compensation and reimbursement for attorneys and other professionals whose services are authorized by this Court pursuant to the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to §§ 330 and 331 of the Bankruptcy Code and (ii) reimbursement of expenses incurred by members of the Committee.

## Retention of Professionals

11. The Debtors have, by separate applications, applied to this Court to retain (a) Lowenstein Sandler PC as counsel to the Debtors; (b) Richards, Layton & Finger, PA as Delaware counsel to the Debtors; and (c) PricewaterhouseCoopers US as financial advisors to the Debtors.

12. Pursuant to § 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court permits.

## Procedures Requested

13. The Debtors request that procedures for compensating and reimbursing professionals (individually, the "Professional" and collectively, the "Professionals") retained under §§ 327, and to the extent applicable, 328(a) and 1107 of the Bankruptcy Code, be established comparable to those approved in other Chapter 11 cases in this district.

14. The requested procedures would require the presentation of a monthly fee application pursuant to § 331 of the Bankruptcy Code to the parties described below for interim approval and allowance of compensation for professional services rendered and reimbursement of expenses incurred by each such Professional during the immediately preceding month.

15. Specifically, the Debtors propose that the monthly payment of compensation and reimbursement of expenses of Professionals be structured as follows (collectively, the "Compensation Procedures"):

> (a) No earlier than the fifth (5th) day of each calendar month, each Professional seeking interim compensation shall file an application (the "Fee Application"), pursuant to section 331 of the Bankruptcy Code, for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during the

immediately preceding month (the "Compensation Period") and serve a copy of such Fee Application on: (i) Velocity Express Corporation, One Morningside Drive North, Building B, Westport, CT 06880 (Attn: Mark Carlesimo, Executive Vice President, General Counsel and Secretary); (ii) Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068 (Attn.: Thomas A. Pitta, Esq.), counsel to the Debtors; (iii) PricewaterhouseCooper, 300 Madison Avenue #24, New York, NY, _____ (Attn: _____), financial advisor to the Debtors (iv) Richards, Layton & Finger, P.A. (Attn: Russell C. Silberglied, Esq.), Delaware counsel to the Debtors; (v) Goldberg Kohn, 55 East Monroe Street, Suite 3300, Chicago, Illinois 60603 (Attention: Randall L. Klein, Esq.) counsel to the agents for the prepetition and postpetition secured lenders; (vi) Edwards Angell Palmer & Dodge LLP, 919 N. Market Street, 15th Floor, Wilmington, DE 19801 (Attention: Stuart Brown, Esq.) Delaware counsel to the agents for the prepetition and postpetition secured lenders; (vii) the Office of the United States Trustee, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn. Joseph McMahon, Esq.); and (viii) _____, _____, _____ (Attn: _____), proposed counsel to the Committee (each a "Notice Party" and collectively, the "Notice Parties"). All Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and the Local Rules.

(b) Each Notice Party will have twenty (20) days after service of a Fee Application to object thereto (the "Objection Deadline"). Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection with the Court after which the Debtors are authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the Fee Application (the "Interim Payment"); and (ii) eighty percent (80%) of the fees and one hundred percent (100%) of the expenses not subject to an objection pursuant to subparagraph (c) below. The first monthly Fee Application submitted by each Professional shall cover the period from the Petition Date through and including October 31, 2009.

(c) If any Notice Party objects to a Professional's Fee Application, it shall file a written objection (an

-5-

"Objection") with the Court and serve it on the affected Professional and each of the Notice Parties. The Objection additionally shall be filed with the Court and received by the affected Professional and the Notice Parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection within fifteen (15) days after service of the Objection, the affected Professional may either: (i) file a response to the Objection with the Court, together with a request for payment of the difference, if any, between the Interim Payment and the Actual Interim Payment made to the affected Professional (the "Incremental Amount"); or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the parties.

(d) Beginning with the approximately three-month period ending on December 31, 2009, at three-month intervals or at such other intervals convenient to the Court, each of the Professionals shall file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and reimbursement of expenses sought in the Fee Applications filed during such period (the "Interim Fee Period"). The Interim Fee Application Request shall include a summary of the Fee Applications that are the subject of the request and any other information requested by the Court or required by the Local Rules. Each Professional shall file its Interim Fee Application Request within forty-five (45) days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses. Each Professional shall file its first Interim Fee Application Request on or before February 15, 2010 and the first Interim Fee Application Request should cover the Interim Fee Period from the commencement of these cases through and including December 31, 2009. Any Professional that fails to file an Interim Fee Application Request when due will be ineligible to receive further interim payments of fees or expenses under the compensation procedures until such time as the Interim Fee Application Request is submitted by the Professional.

(e) The Debtors shall request that the Court schedule a hearing on Interim Fee Application Requests at least once every six (6) months, or at such other intervals as the Court deems appropriate.

(f) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses.

(g) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the allowance of interim or final applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals are subject to disgorgement until final allowance by the Court.

16. The Debtors further request that the Court limit the notice of hearings to consider interim and final fee applications to (a) the Notice Parties and (b) all parties who have filed a notice of appearance with the Clerk of this Court and requested such notice. Such notice should reach the parties most active in this case and will save the Debtors' estate the expense of undue duplication and mailing.

17. Moreover, the Debtors request that each member of a Committee be permitted to submit statements of expenses and supporting vouchers to the Committee's counsel, which counsel shall collect and submit such requests for reimbursement in accordance with the Compensation Procedures set forth herein; provided, however, that Committee members' requests for reimbursement of attorneys' fees must be made by separate application and scheduled for hearing upon proper notice.

18. If the Motion is approved, the Debtors will include all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports identifying the amount paid to each of the Professionals.

## BASIS FOR RELIEF REQUESTED

19. Section 331 of the Bankruptcy Code provides, in relevant part, as follows:

> professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before su ch date as is provided under section 330 of this title. After notice and a hearing, the court may allow and disburse to such applicant such compensation or reimbursement.

11 U.S.C. § 331. Absent an order of this Court, section 331 limits Professionals rendering services in this chapter 11 case to payment of fees and expenses only three (3) times per year.

> Congress' intent in enacting section 331 of the Bankruptcy Code is expressed unequivocally in the House and Senate Reports accompanying enactment of the Bankruptcy Code: The court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong, 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

20. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title." 11 U.S.C. § 105(a). As set forth below, courts have regularly entered orders, in accordance with section 105(a) of the Bankruptcy Code, establishing procedures providing for the interim compensation and expense reimbursement of professionals on a monthly basis. Factors generally considered by the courts in determining whether such relief is warranted include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors." *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981). In considering these factors, courts have determined that interim compensation procedures are appropriate to avoid having the professionals fund the debtor's chapter 11 proceedings. *See id.* at 897.

21. The Debtors submit that the Compensation Procedures set forth herein are appropriate and consistent with interim compensation procedures established in other chapter 11 cases in this District. *See e.g., In re Cooper-Standard Holdings Inc.*, Case No. 09-12743 (PJW) (Bankr. D. Del. Sept. 1, 2009); *In re Hayes Lemmerz Inc.*, Case No. 09-11655 (MFW) (Bankr. D. Del. June 10, 2009); *In re Muzak Holdings, LLC*, No. 09-10422 (KJC) (Bankr. D. Del. Mar. 12, 2009); *In re Flying J Inc.*, No. 08-13384 (MFW) (Bankr. D. Del. Jan. 14, 2009).

22. The Debtors further submit that implementing the Compensation Procedures will significantly aid the efficient administration of these Chapter 11 cases and are in the best interests of the Debtors, their estates and creditors. Accordingly, the Debtors submit that the relief requested herein should be granted.

## NOTICE

23. Notice of this Motion has been given to (i) the United States Trustee for this District, (ii) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis, and

-9-

RLF1-3440081-1

(iii) counsel to the agent for the Debtors' pre-petition secured lenders and proposed post-petition secured lenders and (iv) all parties entitled to receive notice in these Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is required.

**WHEREFORE**, the Debtors request entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper.

Dated: Wilmington, Delaware
September 30, 2009

Respectfully submitted,

**RICHARDS, LAYTON & FINGER, P.A.**
Russell C. Silberglied, Esq. (No. 3462)
Chun I. Jang, Esq. (No. 4790)
Andrew C. Irgens (No. 5193)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Tel: (302) 651-7700
Fax: (302) 651-7701

-and-

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq.
John K. Sherwood, Esq.
Thomas A. Pitta, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Proposed Counsel to Debtors
and Debtors In Possession*